IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LARONDA PHOX | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-00073-W-DGK |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case involves a debt collection. Plaintiff LaRonda Phox alleges that Defendant NCO Financial Systems ("NCO") impermissibly obtained her credit report in the process of collecting upon a debt she owed to another creditor. On February 19, 2014, Plaintiff, proceeding *pro se*, filed a one-count lawsuit in this Court alleging that NCO's actions violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Now before the Court is NCO's motion for summary judgment (Doc. 20) and Plaintiff's motion to amend the scheduling order (Doc. 23). Finding no genuine dispute of material fact and that NCO is entitled to judgment as a matter of law, the Court GRANTS NCO's motion. Having entered summary judgment in NCO's favor, the Court DENIES Plaintiff's motion as moot.

**Undisputed Factual and Procedural Background**

The undisputed facts are as follows.[1] NCO is a Pennsylvania-based debt collection agency. As a part of its business practices, NCO keeps a record of debt collection requests, its

---

[1] To support its statement of facts, NCO presented several affidavits and other documents (Docs. 21-1, 42-1, 42-2). Plaintiff not only failed to respond to NCO's statement of facts, but she also failed to present any evidentiary materials to counter NCO's. Thus, pursuant to Local Rule 56.1 and Federal Rule of Civil Procedure 56(e), the Court treats NCO's version of the facts as undisputed.

work on those requests, and all communications to debtors. Due to this policy, NCO kept records regarding the underlying debt at issue in this case.

On October 4, 2012, PACER Service Center ("PACER"), which operates the electronic filing system used by the federal court system, requested NCO collect upon a delinquent account owned by Plaintiff. PACER charges customers for viewing and filing documents, but it does not require them to pay at the time of each transaction. Rather, PACER bills customers for all their transactions conducted over a three-month period. At the time PACER contacted NCO, Plaintiff had accrued $171.29 in fees for viewing documents on the website.

To facilitate its review and collection of this account, NCO obtained Plaintiff's credit report on October 5, 2012, from TransUnion, a major credit-reporting agency. NCO then sent Plaintiff a letter stating that NCO was a debt collector and that it was collecting a debt owed to PACER. On November 8, 2012, Plaintiff called NCO and paid the debt.

On February 19, 2014, Plaintiff, proceeding *pro se*, filed a one-count complaint (the "Complaint") against NCO. As her sole allegation, Plaintiff claims, "[NCO] went into my credit bureau report without [a] permissible purpose and obtained information about me." (Doc. 6 at 2). The Complaint is devoid of any reference to the legal basis for her claim, but her civil coversheet filed in conjunction with the Complaint states that she is bringing her action pursuant to the FCRA and FDCPA.

**Standard of Review**

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must

scrutinize the evidence in the light most favorable to the nonmoving party, but "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Once the moving party has satisfied his or her initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial, *Anderson*, 477 U.S. at 248, but the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 585 (2009)).

### Discussion

NCO moves for summary judgment on each of Plaintiff's putative claims, arguing that the undisputed facts entitle it to judgment as a matter of law. On the FCRA claim, NCO argues it accessed Plaintiff's credit report for the FCRA-approved purpose of collecting upon the PACER debt. With respect to the FDCPA claim, NCO contends that its pulling of her credit report does not constitute an abusive, deceptive, or unfair practice as defined under the FDCPA. The Court addresses each claim separately below.

## I. NCO is entitled to judgment as a matter of law on Plaintiff's FCRA claim because it had a permissible purpose when it accessed Plaintiff's credit report.

Plaintiff first claims that NCO willfully violated the FCRA by obtaining her credit report without a statutorily permissible purpose. To succeed on such a claim, Plaintiff must establish that (1) there existed a consumer report, (2) NCO obtained or used said report, and (3) it did so without a statutorily permissible purpose. *See Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).[2] To be entitled to statutory damages, Plaintiff must also establish that NCO "willingly, knowingly, or recklessly violated [the FCRA]." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (citing 15 U.S.C. § 1681n; *Safeco Ins. Co. of Am.*, 551 U.S. at 56-58).

The parties agree that Plaintiff's TransUnion report qualifies as a consumer report and that NCO used the report. Thus, the only remaining issue for summary judgment is whether NCO possessed a permissible purpose when it accessed and used the report.

NCO directs the Court to 15 U.S.C. § 1681b(a)(3)(A) as the statutorily permissible purpose under which it obtained Plaintiff's credit report. This section allows a debt collector to obtain a debtor's credit report to assist it in collecting upon a debt that arose from a previous credit transaction. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (11th Cir. 2011) (citing

---

[2] The statutory section from which this cause of action arises actually requires a debt collector to (1) have a permissible purpose for obtaining the credit report, and (2) certify that purpose with the credit-reporting agency. *See Aramjoo v. Sallie Mae Inc.*, No. 11-cv-00077-DGK, 2011 WL 3568903, at *1 (W.D. Mo. Aug. 12, 2011) (citing 15 U.S.C. § 1681b(f)). Some courts have suggested that failing to satisfy either prong may give rise to a separate cause of action, that is, not having a permissible purpose is one claim, while not certifying the purpose is a separate claim. *See Breese v. TRIADvantage Credit Servs., Inc.*, 393 F. Supp. 2d 819, 822 (D. Minn. 2005). In her supplemental summary judgment briefing, Plaintiff now alleges that NCO failed to certify its purpose with TransUnion (Doc. 44 at 2). Because Plaintiff failed to raise this allegation in her complaint or at any time before NCO moved for summary judgment, the Court finds that her cause of action does not depend on the adequacy of certification. *See Phillips*, 312 F.3d at 364 n.6 ("Phillips has not alleged or briefed the adequacy of certification under 15 U.S.C. § 1681e. Section 1681b(f) is violated by lack of either a permissible purpose or certification of the report, so Phillips's cause does not depend on inadequacy of certification."). Thus, this belated and unsupported allegation does not prevent the Court from entering summary judgment in NCO's favor on the FCRA claim. *See Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 43 (E.D.N.Y. 2005) ("Finding the Bank's purpose otherwise permissible, the court will not allow Plaintiff to survive summary judgment with conclusory statement § 1681e was violated.").

15 U.S.C. § 1681b(a)(3)(A); *Phillips*, 312 F.3d at 366).  As used in this section, "[t]he term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment…."  15 U.S.C. § 1691a(d); *see id.* § 1681a (referring to the definition of credit in 15 U.S.C. § 1691a).

Here, the undisputed material facts show that NCO satisfied the requirements of Section 1681b(a)(3)(A).  First, Plaintiff's debt arose from a previous credit transaction because PACER allowed her to view documents for three-month intervals and defer payment until the end of that period.  It is also undisputed that PACER later enlisted the services of NCO to collect upon this debt.  To accomplish this task, NCO obtained Plaintiff's credit report.  Thus, NCO had a permissible purpose for accessing the report.  Because Plaintiff cannot succeed on the third element of her FCRA claim, NCO is entitled to summary judgment on this claim.

## II. NCO is entitled to judgment as a matter of law on Plaintiff's FDCPA claim because Plaintiff fails to present any facts demonstrating a FDCPA violation.

Plaintiff also claims that NCO's obtaining of her credit report without a permissible purpose constitutes a "deceptive…unfair and unconscionable" practice in violation of the FDCPA.  To establish a prima facie case under the FDCPA, Plaintiff must show: "(1) [she] has been the object of collection activity arising from a consumer debt; (2) [NCO] qualifies as a debt collector under the Act; and (3) [NCO] has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA."  *Pace v. Portfolio Recovery Assocs., LLC*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012).  NCO only challenges Plaintiff's ability to satisfy the third element, arguing that because it had a permissible purpose under the FCRA it has not engaged in a prohibited act.

The FDCPA is a broad consumer protection statute aimed at, among other things, eliminating "abusive debt collection practices by debt collectors…."  15 U.S.C. § 1692(e).  To

5
Case 4:14-cv-00073-DGK   Document 45   Filed 10/24/14   Page 5 of 7

achieve this purpose, the FDCPA forbids debt collectors from engaging in various practices. *See id.* at §§ 1692d-1692f. As best the Court can tell from Plaintiff's use of the terms "deceptive," "unfair," and "unconscionable," she intends to invoke the protections of 15 U.S.C. §§ 1692e(10), 1692f.[3] Section 1692e prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer." *Id.* § 1692e(10). Similarly broad, Section 1692f prohibits a debtor collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

Here, the undisputed facts show no violation of these provisions. Plaintiff's sole allegation throughout this litigation has been that NCO violated the FDCPA by accessing her report without a permissible purpose. As discussed above, however, NCO did have a FCRA-sanctioned purpose for obtaining and using her credit report. Given that NCO complied with the FCRA in obtaining the report and that Plaintiff presents no other evidence suggesting that NCO employed any false or deceptive tactics during the collection process, the Court finds no violation of Section 1692e(10). *See Stonehart v. Rosenthal*, No. 01-CIV-651-SAS, 2001 WL 910771, at *5 (S.D.N.Y. Aug. 13, 2001) ("[B]ecause ACA had a permissible purpose to obtain the credit report it could not have used false or misleading means to obtain that report."). Similarly, since no facts suggest that NCO employed any unfair or unconscionable means in collecting upon the PACER debt, the Court likewise finds no violation of Section 1692f. Because Plaintiff cannot satisfy the third element of her FDCPA claim, NCO is entitled to summary judgment on it.

### III. Plaintiff's motion to amend the scheduling order is moot.

After NCO filed for summary judgment, Plaintiff filed a motion titled "Notice of Discovery Dispute and To Amend Scheduling Order" (Doc. 23). For the most part, the motion

---

[3] The Court must speculate on this issue because Plaintiff never cites a specific provision in her complaint or briefs.

6

either fails to comply with the local rule for raising discovery disputes or requests extensions for discovery that has already been completed by the parties. The only non-meritless request is one to amend the scheduling order so that Plaintiff may provide her Rule 26 initial disclosures to NCO. NCO, however, no longer needs this information since the Court already decided the case in its favor. Accordingly, the Court DENIES Plaintiff's motion (Doc. 23) as moot.

## Conclusion

Because there is no genuine dispute as to any material fact and NCO is entitled to judgment as a matter of law, the Court GRANTS its motion for summary judgment (Doc. 20). Having entered judgment in NCO's favor, the Court DENIES Plaintiff's motion to amend the scheduling order (Doc. 23).

**IT IS SO ORDERED.**

Date:     October 24, 2014                    /s/ Greg Kays
                                              GREG KAYS, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT